IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lee Johnson, ) | C/A No. 6:15-1348-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Tim Cook and Apple, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Christopher Lee Johnson ("Plaintiff"), proceeding pro se, brings this civil action apparently seeking damages against the Apple corporation and its Chief Executive Officer. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff appears to reside in Greer, South Carolina, and he brings suit against Apple, Inc., in Cupertino, CA. [Doc. 1 at 2.] He also names Tim Cook in the caption as a defendant, but Plaintiff does not mention him again in the Complaint.[1] [*Id.* at 1–5.] Plaintiff's alleged facts are the following verbatim:

> (1) for the reasons of AdA nondiscrimination act. (2) for the discrimination of voting rights. (3) for reasons of having to Contact the United States Justice dept. and the Fbi and Federal trade Commission on the basis of Identity theft, Healthcare fraud, White Collar Crimes, and reproductive access revolving around A special litigations, and Antitrust claim dispute. (4) For the fact that I had to leave an Education State run program because of healthcare remarks at local facilities. (5) for the subsequent race and gender disparities and discrimination through the media and other network monitary broadcasting for being a member of the media. (6) As results of the facts just stated also surrounding Housing and

---

[1]Plaintiff's proposed service documents also do not mention Tim Cook.

> Community development that effects the presidents Immigrationary Executive Action[.]

[*Id.* at 3.]

Plaintiff seeks the following relief verbatim:

> for the Court to determine whether to provide Compensation for metal and punitive damages of anguish and to relief of future harm for revenue or bias intentions of disproportionate intentions of other customer client affiliations of institutionary abusive business practice towards any future voting or past cycles[.]

[*Id.* at 5.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128,

2

1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, -F.3d-, 2015 WL 1088931, at *3 (4th Cir. March 13, 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). A plaintiff must do more than provide a formal recitation of the necessary elements of a claim because that would constitute merely conclusions and only speculation would fill the gaps in the complaint. *McCleary-Evans*, -F.3d-, 2015 WL 1088931, at *3.

If a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an

3

action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, although it is difficult to decipher, liberally construed Plaintiff may purport to bring this lawsuit based on federal question jurisdiction, for example, by alleging a violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213. Plaintiff seems to allege that the ADA nondiscrimination provision was violated; however, he does not allege that he had a disability or that he was employed by Apple, Inc. Similarly, Plaintiff mentions race and gender discrimination, but he does not allege any facts related to discrimination in employment with respect to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2001(e), *et seq.*[2] Plaintiff also seems to allege the Voting Rights Act may have been violated, 52 U.S.C. § 10301(a); however, he does not allege any facts related to voting.

To invoke this Court's federal question subject matter jurisdiction, a plaintiff needs to allege a colorable claim arising under the laws of the United States. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted). In other words, to allege a plausible claim, a plaintiff must allege some factual content and sufficient detail to support the contention that a defendant violated a federal law. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir.

---

[2]In the "previous lawsuit" section of the Complaint, Plaintiff noted that he filed a claim with the EEOC in Greenville, SC, or the South Carolina Human Affairs Commission. [Doc. 1 at 1.] However, nothing more is specified.

2014), *cert. filed* (2015). Because Plaintiff did not sufficiently allege any cause of action—for a violation of a federal law or otherwise—his allegations are insufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (a patently insubstantial complaint such as absolutely devoid of merit may be dismissed for lack of subject matter jurisdiction).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

April 8, 2015                                     s/Jacquelyn D. Austin
Greenville, South Carolina             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).