UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Lee Johnson, ) | | |
| ) | C/A No.: 6:15-1348-GRA-JDA | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| Tim Cook and Apple, Inc., ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, and filed on April 8, 2015. ECF No. 11. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

## **Background**

Plaintiff Christopher Lee Johnson, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.[1] ECF Nos. 1, 13, & 17. Under established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint and now recommends that this Court dismiss Plaintiff's case against Defendants without prejudice and without issuance and service of process. ECF No. 11. Plaintiff timely filed objections to the magistrate judge's Report and Recommendation on April 17, 2015. ECF No. 13.

---

[1] Plaintiff's complaint does not specifically invoke a civil rights claim; however, Plaintiff's argument seems to contend that Defendants violated his civil rights. *See* ECF No. 1.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In this case, April 27, 2015 was the deadline for filing objections. Plaintiff filed timely objections to the Report and Recommendation on April 17, 2015. ECF No. 13.

## Discussion

Upon review of Plaintiff's objections, the Court finds that the objections are non-specific and unrelated to the dispositive portions of the magistrate judge's Report and Recommendation. As such, the objections lack specificity to trigger *de novo* review and will not be addressed.

## Conclusion

After a thorough review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED *without prejudice* and without service on Defendants.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May 13, 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.